UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **OILFIELD SERVICES, L.L.C.** | ) Civil Action Number. _____ |
| | ) |
| versus | ) Judge _____ |
| | ) |
| **J-W OPERATING COMPANY** | ) Magistrate Judge _____ |
| **and PATTERSON-UTI DRILLING** | ) |
| **COMPANY, L.L.C.** | ) Jury Trial Requested |

## COMPLAINT

Comes now plaintiff, Oilfield Services, L.L.C., ("Oilfield") and shows:

1.

Named defendants are:

(a)  J-W Operating Company ("J-W"), a Texas corporation; and

(b)  Patterson-UTI Drilling Company, L.L.C. ("Patterson"), a limited liability company.

2.

Jurisdiction

This Court has jurisdiction of this matter under 28 U.S.C. § 1332 because there is complete diversity of citizenship between plaintiff and defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.

Plaintiff Oilfield is a limited liability company, the sole member and owner of which is Frank's Casing Crew & Rental Tools, Inc., a Louisiana corporation which has its principal place of business in Lafayette, Louisiana.

4.

Defendant J-W Operating Company is a Texas corporation whose principal place of business is in Dallas County, Texas.

5.

Defendant Patterson-UTI Drilling Company, L.L.C. is a limited liability company. Its sole owner and member is Patterson-UTI Energy, Inc., a Delaware Corporation whose principal place of business is in Texas.

6.
Personal Jurisdiction and Venue

This Court has personal jurisdiction over J-W and Patterson because both are authorized to do and do business in the State of Louisiana and because the events giving rise to this suit occurred within this State, District, and Division. Venue is proper in this court under 28 U.S.C. § 1391(a) and (c).

7.
Facts

At all times relevant hereto, defendant J-W was the operator of Moon Lake 10-20H Well (the Moon Lake Well) in Bossier Parish, Louisiana.

8.

J-W contracted with Patterson to serve as the drilling contractor on the Moon Lake Well.

9.

In early May 2010, J-W solicited and accepted a bid from plaintiff for casing running services on the Moon Lake Well.

10.

On or about May 20, 2010, plaintiff's crew began running casing on the Moon Lake Well.  During the afternoon of May 20, 2010, due to the negligence and fault of J-W and/or its drilling contractor, Patterson, for which J-W is vicariously liable, the casing string fell down the well hole and was not retrievable.

11.

J-W has asserted that Oilfield caused the loss of the casing and has asserted that the damages caused by the loss exceed $2,000,00, which J-W has demanded from Oilfield.

12.

J-W has failed to pay Oilfield for the services Oilfield performed in connection with running casing on the Moon Lake Well.

13.
FIRST CAUSE OF ACTION – DECLARATORY RELIEF

Oilfield incorporates by reference the factual allegations contained in the preceding paragraphs.

14.

Pursuant to 28 U.S.C. § 2201, Oilfield is entitled to a judgment declaring that the loss of the casing on May 20, 2010, and all costs and damages related thereto, was solely and only due to the negligence and fault of J-W and/or Patterson.  Oilfield is also entitled to a judgment declaring that it has no liability for the damages resulting from or related to the loss of the casing.

15.
### SECOND CAUSE OF ACTION – BREACH OF CONTRACT

Oilfield incorporates by reference the factual allegations contained in the preceding paragraphs.

16.

J-W contracted with Oilfield for Oilfield to provide casing running services on the Moon Lake Well.

17.

Oilfield performed all conditions precedent under its contract with J-W.

18.

J-W has failed to pay Oilfield for its services on the Moon Lake Well and has breached its agreement.

19.

As a result of the breach, Oilfield is entitled to recover judgment against J-W for the amount due under the contract, presently estimated to be $57,995, together with judicial interest in accordance with Louisiana law from the due date under the contract until paid, and for such post-judgment interest as is allowed by law.

20.

This court has supplemental jurisdiction over the claim of Oilfield against J-W under 28 U.S.C. § 1367.

21.
### ATTORNEY FEES

Plaintiff Oilfield demands attorney fees as provided by law.

22.
**JURY TRIAL DEMANDED**

Oilfield demands jury trial of all issues triable by jury.

WHEREFORE, THE PREMISES CONSIDERED, Oilfield Services, L.L.C. prays that J-W Operating Company and Patterson-UTI Drilling Company, L.L.C. be summoned to appear and respond to this complaint, and upon trial hereof,

1. That there be judgment in favor of Oilfield Services, L.L.C. and against J-W Operating Company and Patterson-UTI Drilling Company, L.L.C. declaring that the sole and only cause of the loss of casing at the Moon Lake Well was the negligence and fault of the defendant J-W Operating Company and/or its drilling contractor, Patterson-UTI Drilling Company, L.L.C., and that Oilfield Services, L.L.C. has no liability to J-W Operating Company for any damages arising from or related to the loss of casing;

2. That there be judgment in favor of Oilfield Services, L.L.C. and against J-W Operating Company in such sum as is shown at trial, but not less than $57,995, for casing running services provided on the Moon Lake Well, together with pre-judgment and post-judgment interest as is allowed by law; and

3. That the court grant Oilfield Services, L.L.C. all costs, attorney fees, and general and equitable relief.

HAYES, HARKEY, SMITH & CASCIO, L.L.P.
2811 KILPATRICK BOULEVARD
POST OFFICE BOX 8032
MONROE, LOUISIANA  71211-8032
Telephone:  (318) 387-2422
Facsimile:  (318) 388-5809

BY:     */s/ Thomas M. Hayes, III*
       Thomas M. Hayes, III
       La. Bar Roll No. 6685
ATTORNEY FOR OILFIELD SERVICES, L.L.C.