UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **OILFIELD SERVICES, L.L.C.** | ) Civil Action Number 5:11-CV-00680 |
| | ) |
| versus | ) Judge Tom Stagg |
| | ) |
| **J-W OPERATING COMPANY** | ) Magistrate Judge Hornsby |
| **and PATTERSON-UTI DRILLING** | ) |
| **COMPANY, L.L.C.** | ) |

MEMORANDUM BY OILFIELD SERVICES, L.L.C.
IN OPPOSITION TO MOTION TO DISMISS OR TRANSFER

MAY IT PLEASE THE COURT:

Plaintiff Oilfield Services, L.L.C. filed this complaint for declaratory relief against J-W Operating Company and Patterson-UTI Drilling Company, L.L.C.. Oilfield Services also seeks damages for breach of contract against J-W. [Doc. 1.]

As declaratory relief, Oilfield Services seeks a declaration that it is not liable for the loss of casing from a Patterson drilling rig down J-W's Bossier Parish well on May 20, 2010. Defendant Patterson answered the suit. [Doc. 6.] J-W responded with a 12(b)(6) motion to dismiss and in the alternative, to transfer the action to the Northern District of Texas, contending that it had filed an earlier action for damages against Oilfield Services in Texas state court, which was removed the Northern District of Texas (hereafter, "the Texas suit"). [Doc. 9.]

Delay Pending Action by Texas Court

Before responding to J-W's argument, Oilfield Services urges the court to refrain from ruling on J-W's motion. By Friday, August 12, 2011, Oilfield Services will file in the Texas suit a motion to transfer venue of the Texas suit to the Shreveport Division of the Western District of Louisiana under 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses, and in the

1

interest of justice, for reasons which will include that: (1) the incident giving rise to the Texas suit action occurred in Bossier Parish; (2) most, if not all of the witnesses to the incident are Louisiana residents or are persons who are in close proximity to the Louisiana court; and (3) Louisiana law should govern the dispute.

If that motion is granted, the issues raised by J-W's motion in this action should be moot. For that reason, we ask the court to withhold ruling until the Texas court has resolved the transfer issue.

Argument in Opposition to Dismissal

A 12(b)(6) motion challenges only the sufficiency of a plaintiff's allegations. *Martin v. Vernon Parish Sheriff's Office*, 2011 WL 2746006, 1 (W.D. La. 2011). As such, J-W's motion should be denied. "The question [on a 12(b)(6) motion] . . . is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 601 (1969). J-W does not argue that the complaint fails to allege sufficient facts to state a claim for relief. As written, the complaint clearly establishes a claim for declaratory relief and breach of contract.

J-W asks the Court to decline to hear the action for declaratory relief and to decline to exercise supplemental jurisdiction over the breach of contract action. It argues that its Texas suit was filed first, and that such requires this court to abstain from hearing the present action, and to dismiss it or transfer it to the federal court in Texas.

The Declaratory Judgment Act authorizes the federal courts to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a).

Such a declaration may issue only to resolve an actual controversy between the parties. *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000). An actual controversy is a dispute that is "definite and concrete, touching the legal relations of parties having adverse legal interests." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). The controversy "must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop." *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989) (quoting *Brown & Root, Inc. v. Big Rock Corp.*, 383 F.2d 662, 665 (5th Cir. 1967). "Since its inception, the [Declaratory Judgment Act] has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 287 (1995). The literal language of the Act provides that a federal court may declare the rights of an interested party seeking such a declaration.[1] *See* 28 U.S.C. § 2201(a) (emphasis added). Although the word *may* gives a federal court more discretion to refuse to hear a claim for declaratory relief than other kinds of claims, such discretion is not without limitation. *See Vulcan Materials Co. v. City of Tehuacana,* 238 F.3d 382, 390 (5th Cir. 2001); *St. Paul Ins. Co. v. Trejo,* 39 F.3d 585, 590 (5th Cir. 1994).

In determining whether to retain a declaratory judgment action, the Fifth Circuit has delineated three issues that a federal court must first consider: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action. *Sherwin–Williams Co. v. Holmes Cnty.,*

---

[1] The Declaratory Judgment Act provides in pertinent part as follows:
> In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. 28 U.S.C. § 2201(a).

343 F.3d 383, 387 (5th Cir. 2003) (citing *Orix Credit Alliance, Inc. v. Wolfe,* 212 F.3d 891, 895 (5th Cir. 2000)).

A declaratory judgment action is justiciable if a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests. *Venator Grp. Specialty, Inc. v. Matthew/Muniot Family, L.L.C.,* 332 F.3d 835, 838 (5th Cir. 2003); *Orix Credit Alliance,* 212 F.3d at 896. Here, Oilfield Services seeks a judicial declaration: (1) that the loss of the casing on May 20, 2010, and all costs and damages related thereto, occurred due to the sole negligence and fault of J-W and/or Patterson, and (2) that Oilfield Services has no liability for the damages resulting from or related to the loss of the casing. Consequently, a substantial and immediate controversy exists between the parties, and Oilfield Services' declaratory action presents a justiciable issue.

No rule of law prohibits this court from hearing the claim for declaratory relief. The court has jurisdiction under 28 U.S.C. § 2201(a). The removal of the Texas suit by J-W to federal court (a removal planned at the time that this declaratory action was filed) eliminated any concern that the federal declaratory suit might affect the state court suit contrary to the aims of the Anti-Injunction Act. *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.,* 996 F.2d 774, 776 (5th Cir. 1993) citing *Texas Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 506 (5th Cir. 1988) (holding that when a state lawsuit is pending, more often than not, issuing a declaratory judgment will be tantamount to issuing an injunction-providing the declaratory plaintiff an end run around the requirements of the Anti-Injunction Act). Thus, abstention in this court is not mandated because there is no pending state court action.

*St. Paul Ins. Co. v. Trejo,* 39 F.3d 585 (5th Cir. 1994) ruled that once a court determines that the action is justiciable and that it has the authority to grant the declaratory relief requested,

it must then consider nonexclusive factors in exercising its discretion to decide or dismiss a declaratory judgment action, including:

    1.    whether there is a pending state action in which all of the matters in controversy may be fully litigated;

    2.    whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

    3.    whether the plaintiff engaged in forum shopping in bringing the suit;

    4.    whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

    5.    whether the federal court is a convenient forum for the parties and witnesses;

    6.    whether retaining the lawsuit would serve the purposes of judicial economy; and

    7.    whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *Trejo*, 39 F.3d at 590–91.

These factors must be considered on the record before a discretionary, nonmerits dismissal of a declaratory judgment action occurs. *Vulcan Materials Co.,* 238 F.3d at 390. As observed by the Fifth Circuit in *Sherwin–Williams,* the *Trejo* factors address three broad concerns common to all circuits: federalism, fairness and efficiency. *See Sherwin–Williams,* 343 F.3d at 390–91 (citing *Brillhart v. Excess Ins. Co. of Am.,* 16 U.S. 491 (1942).

    The first *Trejo* factor addresses federalism and asks whether there is a pending state action in which all of the matters in controversy may be fully litigated. *Trejo,* 39 F.3d at 590. The absence of any pending related state litigation strengthens the argument against dismissal of

the federal declaratory judgment action. *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 394 (stating that the lack of a pending parallel state proceeding is a factor that weighs strongly against dismissal). In the present matter, there is no pending state court action, as the Texas suit was removed to the Northern District of Texas. Thus, this factor weighs against dismissal.

The second and third *Trejo* factors relate to fairness and ask whether the declaratory plaintiff filed suit in anticipation of a lawsuit filed by the defendant and whether the plaintiff engaged in forum shopping. *Trejo,* 39 F.3d at 591. There was no anticipatory filing, as the declaratory action was filed in this court after J-W filed suit against it. The chief difference in the two actions, as discussed below, is the fact that Oilfield Services named Patterson as a party, and it is not a party in the Texas suit.

There is no forum shopping. *See Murray v. Wilson*, 2008 WL 3498226, 4 -5 (E.D. La. 2008). The well in question was located in Bossier Parish, Louisiana, not far from the courthouse in Shreveport. Patterson's rig, driller and employees, and Oilfield Services' employees, were present in Louisiana on the rig when the incident in question occurred. Most of the witnesses are believed to be Louisiana residents or in closer proximity to Shreveport than to Dallas. Louisiana law should apply to every issue of the case.

The fourth *Trejo* factor also addresses fairness. In resolving this factor, a court must determine whether inequities exist in allowing the declaratory judgment to be decided in federal court. *Trejo,* 39 F.3d at 591. There are no inequities in allowing Oilfield Services' declaratory judgment to be decided in federal court in Louisiana, the state where the incident occurred and the majority of the witnesses are located. *See* Exhibit 1 attached, J-W's initial disclosure of witnesses in the Texas suit, identifying numerous witnesses with Louisiana addresses.

6

Because there is no anticipatory filing, forum shopping, or fairness concerns, these factors weigh against dismissal of the declaratory judgment action.

The fifth *Trejo* factor concerns efficiency and asks whether the federal court is a convenient forum for the parties and witnesses.   In addition to the witnesses identified by J-W in its initial disclosures in the Texas suit, Oilfield Services believes that most of its crew members who witnessed the events giving rise to the loss are Louisiana residents.   Many of the service providers who worked on the well after the incident in question did so in Louisiana, and many are believed to be proximate to Shreveport.[2]   Thus, litigation of this matter in a Louisiana federal court is more convenient to the parties and witnesses.

The sixth *Trejo* factor also addresses an efficiency concern and asks whether retaining the lawsuit would serve the purposes of judicial economy.  *Id.*  In analyzing this factor, the courts are concerned with avoiding piecemeal litigation, inconsistent rulings, and unnecessary duplication of judicial resources.  *See PPG Indus., Inc. v. Cont'l Oil Co.,* 478 F.2d 674, 680 (5th Cir.1973). In *Brillhart*, Justice Frankfurter wrote, "[I]t would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit" when the entire controversy is already being litigated in a state court that is capable of resolving the dispute.  *Brillhart,* 316 U.S. at 495. Because there is no pending state court action, this factor weighs against dismissal.

The seventh *Trejo* factor is neutral because no party has asked the federal court to construe a state judicial decree entered in a parallel state suit involving the same parties.  *Trejo,* 39 F.3d at 591.

J-W also argues the "first-to-file" rule, contending that when related cases are pending before two federal courts, the court in which the case was last filed <u>may</u> refuse to hear it if the

---

[2] For these very reasons, Oilfield Services will file by August 12, 2011, its motion under 28 U.S.C. § 1404(a) to transfer the Texas suit from the Northern District of Texas to this court for the convenience of the parties and witnesses.

issues raised by the cases substantially overlap. *Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 603 (5th Cir. 1999) (internal citations omitted). The rule vests in the court in which the first of the two related actions was filed the responsibility of determining whether subsequently filed cases involving substantially similar issues should proceed. *Id.* citing *Sutter Corp. v. P & P Indus., Inc.,* 125 F.3d 914, 920 (5th Cir. 1997). The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result. *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, South Atlantic and Gulf Coast Dist. of ILA,* 751 F.2d 721, 728 -729 (5th Cir. 1985) (citing *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 818-20 (1976) (dictum). Therefore, the second-filed court should usually stay, dismiss, or transfer the action over which it is presiding in deference to the first-filed court. *Id.* at 729 & n. 1, 730.

In determining whether to retain jurisdiction of a declaratory judgment action, the district court employs the same analysis set forth above, i.e., whether the declaratory action is justiciable; whether the court has the authority to grant declaratory relief; and whether to exercise its discretion to decide or dismiss the action. *Hartford Cas. Ins. Co. v. Arkansas, Louisiana, and Mississippi Pipe Trades Ass'n of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the U.S. and Canada*, 2011 WL 1211518, 2 (W.D. La. 2011) citing *Sherwin–Williams Co.,* 343 F.3d at 387.

The court should exercise its discretion and retain and hear this action for the following reasons:

    a.    While both suits arise from the May 20, 2010 loss of casing, the suits are different in the following material respects:

- In the Texas suit, J-W asserts a claim only against Oilfield Services, and not against Patterson. In contrast, in the Louisiana declaratory suit, Oilfield Services has named both J-W and Patterson. In its action to declare that Oilfield Services did not negligently cause the casing loss, it is important to Oilfield Services that Patterson be a party during pretrial and trial, as the incident in question occurred on Patterson's rig, under the direction of Patterson's driller, who used Patterson's equipment and followed Patterson's procedures to lift and lower the elevator from which the casing fell.

- In the Louisiana action, Oilfield Services asserts a claim against J-W for payment due under its contract. That claim is not asserted in the Texas action.

b. The incident occurred in the Shreveport division of the Western District of Louisiana. Louisiana law will apply. As noted, all principal witnesses are Louisiana residents or are believed to be in proximity to the court.

J-W argues that Oilfield Services can add Patterson as a party in the Texas litigation. That right may not exist. Such an action may be barred for lack of contractual indemnity or lack of a right of action for contribution.[3] Patterson's involvement as a party is important in

---

[3] In *Dumas v. State through the Department of Culture, Recreation and Tourism*, 828 So.2d 530, 2002-0563 (La. 10/15/02), the Court wrote

> "with the 1996 Amendments to Articles 2323 and 2324(b), however, the Legislature has affected a total shift in tort policy. Prior to the enactment of the Amendments, the policy behind Louisiana's tort law was insuring that innocent victims receive full compensation for their injuries. Now, however, Louisiana's policy is that each tortfeasor pays only for that portion of the damage he has caused and the tortfeasor shall not be solidarily liable with any other person for

determining the issue of why the casing fell; for that reason, the declaratory action should be maintained by the court.

## Conclusion

The court should delay ruling on this motion until Oilfield Services files and receives a ruling on its motion to transfer venue of the Texas proceeding from the United States District Court for the Northern District of Texas to this court. If transfer is ordered, then J-W's motion will be moot.

If the court determines that it cannot delay, then J-W's motion should be denied for the reasons expressed herein.

>                    HAYES, HARKEY, SMITH & CASCIO, L.L.P.
>                    2811 KILPATRICK BOULEVARD
>                    POST OFFICE BOX 8032
>                    MONROE, LOUISIANA  71211-8032
>                    Telephone:  (318) 387-2422
>                    Facsimile:  (318) 388-5809
>
>                    BY:    */s/ Thomas M. Hayes, III*
>                           Thomas M. Hayes, III
>                              La. Bar Roll No. 6685
>                           Laura S. Achord
>                              La. Bar Roll No. 29060
>                    ATTORNEY FOR OILFIELD SERVICES, L.L.C.

---

damages attributable to the fault of that other person. With the advent of this new policy, the right of contribution among solidary tortfeasors also disappears since it is no longer necessary in the light of abolishment of solidarity."

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5th 2011, a copy of the foregoing Opposition to Motion to Dismiss and Motion to Transfer was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Paul M. Adkins and Sidney E. Cook, Jr. by operation of the court's electronic filing system.

> HAYES, HARKEY, SMITH & CASCIO, L.L.P.
> 2811 KILPATRICK BOULEVARD
> POST OFFICE BOX 8032
> MONROE, LOUISIANA 71211-8032
> Telephone: (318) 387-2422
> Facsimile: (318) 388-5809
> Email: tom@hhsclaw.com
>
> BY: */s/ Thomas M. Hayes, III*
> Thomas M. Hayes, III
> La. Bar Roll No. 6685
> ATTORNEY FOR OILFIELD SERVICES, L.L.C.