UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**OILFIELD SERVICES, L L C, et al**     Civil Action No. 5:11CV680 (LEAD)
                                                                5:12CV033 (MEMBER)

**VERSUS**                                                JUDGE STAGG

**J-W OPERATING CO, ET AL**        MAGISTRATE JUDGE HORNSBY

### Memorandum by Oilfield Services, L.L.C. in Opposition to Motion to Dismiss by Patterson-UTI Drilling Company, LLC

Patterson-UTI Drilling Company, LLC ("Patterson") moved to dismiss with prejudice the complaint for declaratory relief asserted against it by Oilfield Services, L.L.C. ("Oilfield"). [Doc. 38.] Oilfield opposes the motion.

1. Background. This suit arises from the loss of a string of casing down the well hole during drilling operations conducted by Patterson for J-W Operating Co. ("J-W") in Bossier Parish on May 20, 2010. At the time the casing was lost, Patterson and Oilfield were both involved in the running of casing for J-W; Patterson's driller was in command of the drilling rig, and he alone controlled movement of the casing string and the individual joints of casing as they were made up to the string.

Oilfield filed the Complaint in this action (No. 11-CV-680) for declaratory relief against J-W and Patterson pursuant to 28 U.S.C. § 2201, seeking "a judgment declaring that the loss of the casing on May 20, 2010, and all costs and damages related thereto, was solely and only due to the negligence and fault of J-W and/or Patterson" and that Oilfield "has no liability for the damages resulting from or related to the loss of the casing." Complaint, ¶ 14. [Doc. 1.]

2. Patterson's Motion to Dismiss. Patterson did not initially file a Rule 12(b)(6) Motion to Dismiss; instead, it answered the suit on June 21, 2011. [Doc. 6.] It denied the Complaint,

and pleaded various affirmative defenses to liability, including Oilfield's fault, failure to mitigate, and comparative fault. *Id.*, ¶¶ 23-25. It ended its Answer with the assertion that the Complaint failed to state a claim upon which relief can be granted. *Id.*, ¶ 26. On August 24, 2012, Patterson filed the present Motion to Dismiss, contending that Oilfield's claims against it should be dismissed with prejudice because there can be no declaratory relief of the nature sought by Oilfield.[1]

      3. <u>Argument in Opposition to the Motion</u>. Patterson contends that there is no "case or controversy" between Oilfield and Patterson; it further argues that the court should exercise its discretion and not hear the claim by Oilfield against Patterson because the relief requested by Oilfield is inappropriate for a declaratory judgment action as it would not settle any issues between the parties.

      a. <u>There is an Actual Controversy</u>. The Declaratory Judgment Act provides in pertinent part as follows:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. 28 U.S.C. § 2201(a).

There can be no question that there is an actual controversy between Patterson and Oilfield over the occurrence of the incident in question. Patterson expressly contends that "Oilfield was in the

---

[1] Patterson's Motion to Dismiss should properly be characterized as a Motion for Judgment on the Pleadings. Under Rule 12(b), the defense of failure to state a clam upon which relief can be granted is to be raised by motion prior to answer, or it can be raised in the answer; but, if the 12(b) defense is not raised by pre-answer motion, Rule 12(h) directs that a pre-trial ruling on the defense is to be sought under Rule 12(c), a Motion for Judgment on the Pleadings. Rule 12(c) provides: "After pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The 12(c) Motion is treated as an auxiliary procedure to a motion under 12(b)(6). Wright & Miller, <u>Federal Practice and Procedure: Civil 3rd</u>, § 1367.

process of "running" its casing into the hole, when Oilfield failed to properly latch onto its casing, causing the casing string to fall into the hole." Motion to Dismiss, ¶ 3. On the other hand, Oilfield expressly contends that the casing string fell down the well hole and was not retrievable due to the negligence and fault of J-W and/or Patterson. Complaint, ¶ 10. This substantial controversy is between parties of adverse legal interests, and is of sufficient immediacy and reality to warrant a declaration. In its action to declare that Oilfield did not negligently cause the casing loss, it is important to Oilfield that Patterson be a party during pretrial and trial, as the incident in question occurred on Patterson's rig, under the direction of Patterson's driller, who used Patterson's equipment and followed Patterson's procedures to lift and lower the elevator from which the casing fell. While Oilfield does not seek recovery of damages from Patterson, Oilfield is entitled to a declaration that Patterson bears the responsibility for the loss, as such will absolve Oilfield of responsibility to J-W. Patterson's involvement as a party is important in determining the issue of why the casing fell; for that reason, the declaratory action should be maintained by the court.

      b. The Declaratory Judgment Act was designed to "avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage had accrued." *Cunningham Bros., Inc. v. Bail,* 407 F.2d 1165, 1168 (7th Cir.1969). It is always discretionary with the court whether to entertain an action for a declaratory judgment. *Brillhart v. Excess Ins. Col. of America,* 316 U.S. 491, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942). Here, the court should exercise its discretion and hear the claim of Oilfield against Patterson. The declaration sought by Oilfield was filed for the express purpose of avoiding "accrual of damages" against Oilfield. The fact that the

3

declaratory action is now consolidated with a damage action should not be dispositive; certainly that fact does not require the court to exercise its discretion to dismiss.

    4.  Alternatively, if the court is inclined to grant Patterson's motion, Oilfield urges that the motion be granted only after the completion of discovery related to Patterson's conduct, including, without limitation, a) Patterson's completion of its responses to outstanding written discovery by Oilfield; b) Patterson's producing for depositions the rig supervisor and the night time driller who was present when Oilfield began running casing on the day of the accident; and c) Patterson's submitting to a 30(b)(6) deposition.[2]  Oilfield urges that consideration of the motion be deferred until Patterson completes its obligation to respond to written discovery and to produce and/or specify the location of witnesses needed for the litigation. It will not be until such discovery is completed that Oilfield will be able to determine if there are other issues between it and Patterson that must be resolved in this litigation. Thus, Patterson's motion is premature, and Oilfield urges that consideration of the motion be deferred until discovery is completed.

    5.  <u>Dismissal without prejudice</u>.  Patterson demands dismissal with prejudice.  Rule 41(b) provides that unless the dismissal order states otherwise, a dismissal under Rule 41(b) and any dismissal not under this rule, <u>except one for lack of jurisdiction</u>, improper venue, or failure to join a party under Rule 19, operates as an adjudication on the merits.  This rule clearly indicates that if dismissal is for lack of jurisdiction, it must be <u>without</u> prejudice.

    "The district court lacks subject matter jurisdiction to issue a declaratory judgment unless an "actual controversy" exists . . . ." *State of Tex. v. West Pub. Co.*  882 F.2d 171, 175 (5th Cir.,

---

[2] On August 14, 2012, Oilfield sent supplemental interrogatories to Patterson related to the accident driller, Joel Paul, which have not been answered.  Oilfield has repeatedly requested the deposition of the night time driller.  Following the deposition of Joel Paul, the accident driller, Oilfield also requested the deposition of the rig supervisor.  Oilfield has also indicated to Patterson a likely need for the corporate deposition of Patterson.

1989). "[A] federal court may properly exercise jurisdiction in a declaratory judgment proceeding when three essentials are met: (1) the complaint alleges an "actual controversy" between the parties "of sufficient immediacy and reality to warrant issuance of a declaratory judgment;" (2) the court possesses an independent basis for jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction. *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.,* 386 F.3d 581, 592 (4th Cir.2004).

Accordingly, if the court rules, as urged by Patterson, that the complaint by Oilfield against Patterson does not assert an actual case or controversy, or if the court finds that it should not exercise its discretion to hear the declaratory complaint by Oilfield against Patterson, then this court will have ruled that it lacks jurisdiction under the Declaratory Judgment Act. For that reason, it should dismiss the complaint by Oilfield against Patterson under Rule 41(b) <u>without prejudice</u>, because the court will not have had subject matter jurisdiction.

Further, Rule 41(b) expressly provides that the district court may specify that a dismissal is without prejudice. ("Unless the dismissal states otherwise . . . a dismissal under this subdivision . . . operates as an adjudication on the merits.") Here, any dismissal granted by the court should be without prejudice, such that it will not affect Oilfield's right to urge Patterson's fault as a defense to the complaint brought by J-W against Oilfield in the consolidated action (No. 12-CV-033) which was transferred from Texas to Louisiana. If Patterson is granted a dismissal of the declaratory claim with prejudice, such might be argued to bar the very defense urged by Oilfield against J-W, namely that the casing loss was due to the fault of Patterson. Yet, if Patterson's Motion to Dismiss is granted with prejudice, the issue of Patterson's fault will not have been addressed by the court. To protect Oilfield from arguments in the continuing

5

proceeding that it can no longer assert Patterson's fault, any dismissal granted Patterson should be without prejudice.

                        HAYES, HARKEY, SMITH & CASCIO, L.L.P.
                        2811 KILPATRICK BOULEVARD
                        POST OFFICE BOX 8032
                        MONROE, LOUISIANA 71211-8032
                        Telephone: (318) 387-2422
                        Facsimile: (318) 388-5809

BY: */s/ Thomas M. Hayes, III*
           Thomas M. Hayes, III
           La. Bar Roll No. 6685
ATTORNEY FOR OILFIELD SERVICES, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2012, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Paul M. Adkins, Julie A. Walker and Sidney E. Cook, Jr. by operation of the court's electronic filing system.

                        HAYES, HARKEY, SMITH & CASCIO, L.L.P.
                        2811 KILPATRICK BOULEVARD
                        POST OFFICE BOX 8032
                        MONROE, LOUISIANA  71211-8032
                        Telephone:  (318) 387-2422
                        Facsimile:  (318) 388-5809
                        Email: tom@hhsclaw.com

BY:    */s/ Thomas M. Hayes, III*
           Thomas M. Hayes, III
           La. Bar Roll No. 6685
ATTORNEY FOR OILFIELD SERVICES, L.L.C.