UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| OILFIELD SERVICES, LLC | CIVIL ACTION NO. 11-cv-0680 |
| VERSUS | JUDGE: TOM STAGG |
| J-W OPERATING CO. et al. | MAGISTRATE JUDGE: MARK HORNSBY |

CONSOLIDATED WITH

| | |
|---|---|
| J-W OPERATING CO. | CIVIL ACTION NO. 12-cv-0033 |
| VERSUS | JUDGE: TOM STAGG |
| OILFIELD SERVICES, LLC, et al. | MAGISTRATE JUDGE: MARK HORNSBY |

**REPLY BRIEF IN SUPPORT OF PATTERSON-UTI DRILLING COMPANY'S MOTION TO DISMISS**

NOW INTO COURT, through undersigned counsel, comes defendant, Patterson-UTI Drilling Company, LLC ("Patterson") who offers the following Reply Brief in Support of its Motion to Dismiss.

**Analysis**

I.   **Motion for Judgment on the Pleadings**

In its Memorandum in Opposition to Patterson's Motion to Dismiss, Oilfield points out that Patterson's motion is, technically, to be treated as a Fed. R. Civ. P. 12(c) Motion for Judgment on the Pleadings. Oilfield is correct that Fed. R. Civ. P. 12(h)(2) states that a post-answer motion for failure to state a claim must be raised by a Rule 12(c) Motion for Judgment on the Pleadings. A "motion under Rule 12(c) for failure to state a claim is subject to the same standards as a motion to dismiss under Rule 12(b)(6)." *In re Great Lakes Dredge & Dock Co.*

1

*LLC*, 624 F.3d 201, 209–10 (5th Cir. 2010). Thus, the fact that Patterson's 12(b)(6) motion is technically a 12(c) Motion for Judgment on the Pleadings should have no effect on the Court's determination of whether to dismiss Oilfield's declaratory action.

## II. Dismissal With Prejudice is Appropriate in this Case

In Oilfield's Opposition Memorandum, it argues that a finding that Oilfield failed to state a claim would be a determination that the court lacks subject matter jurisdiction. Therefore, it argues, an order dismissing Oilfield's claim "must be without prejudice" as required by Rule 41(b). [Doc. 44, Oilfield's Opposition] (emphasis in original). The language of Rule 41(b) indicates otherwise: "*Unless the dismissal order states otherwise*, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction . . . operates as an adjudication on the merits." (emphasis added). Thus, under the language of Rule 41, the Court clearly has discretion to dismiss Oilfield's claim with prejudice, as long as the order of dismissal states that it is "with prejudice."

Courts routinely dismiss declaratory relief actions with prejudice by way of motions to dismiss. *See Dale Homes, Inc. v. Shepherd*, 1992 Civ.A.No. 91-4626, 1992 WL 161035 (E.D. La. June 22, 1992) (dismissing, with prejudice, an action for declaratory relief because the declaration would serve no useful purpose); *Adams v. Unione Mediterranea Di Sicurta*, CIV. A. 94-1954, 1998 WL 241731 (E.D. La. May 12, 1998) (granting a 12(b)(6) motion dismissing, with prejudice, plaintiffs' claims for declaratory relief); *Park Place Entm't Corp. v. Simmons*, CIV. A. 99-595, 2000 WL 6287 (E.D. La. Jan. 3, 2000) (denying plaintiff's motion for reconsideration of a dismissal, with prejudice, of plaintiff's declaratory action). Further, and as discussed above, Patterson's motion is, technically, a Rule 12(c) Motion for Judgment on the Pleadings. An order granting a Motion for Judgment on the Pleadings is a final judgment and,

therefore, serves as an adjudication on the merits. In *Leamer v. Fauver*, 288 F.3d 532, 535 (3d Cir. 2002), the appellate court noted that it had jurisdiction based on 28 U.S.C. § 1291 because the district court had granted defendants' Rule 12(c) motion. 28 U.S.C. § 1291 provides that Federal courts of appeal have jurisdiction of "appeals from all final decisions of the district courts". Thus, by granting defendants' Rule 12(c) motion, the district court had made an adjudication on the merits that was sufficiently appealable. *See also*, *Kramer v. Van Dyke Public Schools*, 918 F. Supp. 1100, 1103 (E.D. Mich. 1996) (noting that Rule 12(c) motions "are directed towards a final adjudication on the merits."). Thus, there is little merit to Oilfield's claim that this Court, were it to grant Patterson's motion, must do so without prejudice.

  As discussed in great detail in the brief in support of Patterson's motion, Oilfield has failed to state a claim for relief. Oilfield's allegations, if accepted as true, merely establish that Patterson should be liable to J-W for the lost casing string. In its opposition, Oilfield claims that it is "important to Oilfield that Patterson be a party during pretrial and trial" because of Patterson's relationship to the well where this accident occurred, and Patterson's potential involvement with the accident itself. Oilfield also states that, by filing its declaratory action against Patterson, it sought to avoid "accrual of damages" to itself. [Doc. 44, Oilfield's Opposition]. Essentially, Oilfield has filed this declaratory action in hopes of using Patterson's presence to bolster its defense to the claims made against it by J-W, and to obtain a declaration that it is not liable to J-W. As stated by the Fifth Circuit in *Torch, Inc. v. LeBlanc*, "it is not one of the purposes of the declaratory judgment acts to enable a prospective negligence action defendant to obtain a declaration of non-liability." 947 F.2d 193, 196 n.2 (5th Cir. 1991), *citing Cunningham Brothers, Inc. v. Bail*, 407 F.2d 1165, 1168 (7th Cir. 1969), *cert denied*, 395 U.S.

959 (1969). This, of course, is precisely what Oilfield asks this Court to do by way of its declaratory judgment action, and, therefore, Oilfield's action must be dismissed with prejudice.

Oilfield also argues that, if this Court wishes to grant Patterson's motion, it should do so only after Patterson participates in further discovery. Patterson will, of course, answer Oilfield's supplemental discovery requests, and is endeavoring to gather responsive information and provide Oilfield with a response as soon as possible. With respect to the persons that Oilfield wishes to depose, such parties will be made available. Regardless, Oilfield's desire to conduct further discovery is hardly a valid reason to require Patterson to continue to endure the expense and inconvenience of continuing to litigate a case where no valid claim for relief has been asserted against it.

## Conclusion

Oilfield's Opposition fails to provide this court with any arguments that sufficiently counter the points raised by Patterson's motion. Oilfield's claim fails to establish that a sufficient case or controversy, as required by the Declaratory Judgment Act, exists between Oilfield and Patterson. Further, Oilfield asks this Court to grant relief that is simply unavailable and unsupported by the Declaratory Judgment Act. Therefore, Patterson asks this Court to utilize its broad discretion and dismiss Oilfield's claims for declaratory relief, with prejudice.

        Respectfully submitted,

        COOK, YANCEY, KING & GALLOWAY
        A Professional Law Corporation

        By:   */s/ Sidney E. Cook, Jr.*
        Sidney E. Cook, Jr.  #1311
        C. Austin Holliday # 33983
        333 Texas Street, Suite 1700
        P. O. Box 22260
        Shreveport, LA  71120-2260
        318-221-6277 Telephone
        318-227-7850 Telecopier
        sidney.cook@cookyancey.com
        austin.holliday@cookyancey.com

        ATTORNEYS FOR PATTERSON-UTI
        DRILLING COMPANY, LLC

**<u>CERTIFICATE</u>**

  I HEREBY CERTIFY that a copy of the above and foregoing was filed with the United States District Court for the Western District of Louisiana by electronic case filing/case management and that a copy of the same was either served on all counsel of record by electronic notification or by U.S. Mail, postage pre paid.

  Shreveport, Louisiana, this 21st day of September, 2012.

            */s/ Sidney E. Cook, Jr.*
             OF COUNSEL