UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

OILFIELD SERVICES, LLC                 CIVIL ACTION NO. 11-cv-0680
                                       (Consolidated with 12-cv-0033)

VERSUS                                 JUDGE STAGG

J-W OPERATING CO., ET AL               MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

J-W Operating Company ("J-W") was the operator of the Moon Lake well in Bossier

Parish.  J-W contracted with Patterson-UTI Drilling Company, LLC ("Patterson") to be the

drilling contractor and Oilfield Services, LLC ("Oilfield") to perform the casing services.

The casing string fell down the well hole and could not be retrieved. J-W had to redrill the

intermediate hole.

J-W sued Oilfield in a Texas state court for over $2,000,000.  The petition alleged that

Oilfield negligently failed to properly latch on to the string of casing, which allowed the

casing to slip through the floor and fall down the well hole.  Oilfield responded in its answer

that all or part of J-W's claims were barred by the comparative fault of J-W and others,

including J-W's drilling contractor, Patterson. See 12-cv-0033, Doc. 10, ¶¶ 17-18.

A few weeks after J-W filed its suit in Texas, Oilfield filed suit in this court against

J-W and Patterson.  Oilfield asked for a declaratory judgment that the loss of the casing was

due to the negligence of J-W and/or Patterson, with Oilfield bearing no liability. The Texas

state court suit was removed to a Texas federal court, which transferred that action to this district.  This court consolidated the two cases.

Before the court is Patterson's Motion to Dismiss (Doc. 38). Patterson argues that Oilfield's claim for declaratory relief (the only claim asserted against Oilfield in either suit) (1) does not establish a genuine case or controversy as required by the Declaratory Judgment Act and (2) seeks a type of relief that is not appropriate for determination by way of declaratory judgment. For the reasons that follow, the it is recommended that Patterson's motion be granted due to a lack of a genuine case or controversy between Patterson and Oilfield.

The Declaratory Judgment Act provides that in "a case of actual controversy within its jurisdiction" a court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  "Since it is the underlying cause of action of the defendant against the plaintiff that is actually litigated in a declaratory judgment action, a party bringing a declaratory action must have been a proper party had the defendant brought suit on the underlying cause of action." Collin County v. Homeowners Association for Values Essential to Neighborhoods, 915 F.2d 167, 171 (5th Cir. 1990). See also Val-Com Acquisitions Trust v. CityMortgage, Inc., 421 Fed. App'x. 398 (5th Cir. 2011) ("In a declaratory judgment action, the parties litigate the underlying claim, and the declaratory judgment is merely a form of relief that the court may grant.").

Oilfield does not identify any underlying claim that it fears Patterson would assert against it.  And Patterson represents in its memorandum: "There is simply no cause of action, be it under federal or Louisiana law, which Patterson could hope to assert against Oilfield." The court exercises its discretion to treat this statement as a binding judicial admission. See Averette v. Transocean Enterprises, Inc., 2010 WL 2814702, *3 (W.D. La. 2010). If there were ever any concern that Patterson might sue Oilfield in connection with the accident, this admission resolves it.  Oilfield points out that the parties disagree, in their description of the accident, as to who was at fault.  That may be true, and there may be other persons associated with the accident who believe Oilfield was responsible for losing the casing, but that does not mean Oilfield is entitled to a declaratory judgment to prove the person's opinion is wrong. There person sued must have a potential cause of action against Oilfield, and none has been demonstrated.

Oilfield argues that it is important to it that Patterson be a party because the incident occurred on Patterson's rig, using Patterson equipment, and following Patterson procedures. Oilfield admits that it "does not seek recovery of damages from Patterson," but it nonetheless seeks a declaration that Patterson bears some responsibility for the loss.  Oilfield will be able to obtain such a determination without the necessity of joining Patterson or any other potentially responsible persons as actual parties to the suit.  Louisiana  Civil Code article 2323 provides that in any action for damages where a person suffers loss, the degree of fault of all persons causing or contributing to the loss "shall be determined, regardless of whether the person is a party to the action or a nonparty."  Oilfield raised the fault of J-W or Patterson

as a defense in its answer to the Texas suit. Article 2323 entitles Oilfield to put on evidence of fault by Patterson, even if Paterson is not a party. Dumas v. State ex rel. Dept. of Culture, Recreation & Tourism, 828 So. 2d 530, 537 (La. 2002).

Oilfield asks that if dismissal is granted that it be delayed until after discovery is completed relevant to Patterson's conduct.  A plaintiff is not entitled to make a person a defendant simply to obtain discovery from the person. And Oilfield may obtain discovery from Patterson through the use of subpoenas and depositions even after Patterson is dismissed.  Finally, Patterson has made a commitment to the court in its Reply Memorandum (Doc. 45) that it will answer Oilfield's supplemental discovery requests and is endeavoring to gather information and provide a response as soon as possible.  Patterson also commits to make available its employees that Oilfield wishes to depose.

The final dispute is whether the dismissal of the declaratory claim against Patterson should be with or without prejudice.  The recommended dismissal in this case is based on the lack of an actual controversy between Oilfield and Patterson, which the Fifth Circuit has described as creating a lack of subject-matter jurisdiction to issue a declaratory judgment. State of Texas v. West Pub. Co., 882 F.2d 171, 175 (5th Cir. 1989).  Dismissals for lack of jurisdiction are without prejudice. Sepulvado v. Louisiana Bd. of Pardons & Parole, 114 F. App'x 620 (5th Cir. 2004).  The following cases are examples of declaratory actions being dismissed without prejudice when it was found there was no actual or continuing controversy between the parties. Grisham v. Deutsche Bank Trust Co. Americas, 2012 WL 2568178 (S.D. Tex. 2012); MetroPCS Communications, Inc. v. Leap Wireless Int'l, Inc., 2007 WL 188672

(N.D. Tex. 2007); and <u>Val-Com Acquisitions Trust v. Chase Home Fin. LLC</u>, 2010 WL 4283906 (N.D. Tex. 2010) <u>aff'd</u>, 434 F. App'x 395 (5th Cir. 2011). That is the appropriate remedy in this case.

Accordingly,

**IT IS RECOMMENDED** that the **Motion to Dismiss (Doc. 38)** be **granted** by dismissing without prejudice all claims that Plaintiff, Oilfield Services, LLC, has against Patterson-UTI Drilling Company, LLC.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>See</u> <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of October, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE