UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| OILFIELD SERVICES, L.L.C., ET AL. | CIVIL ACTION NOS. 5:11cv0680 (LEAD) |
| | 5:12cv0033 (MEMBER) |
| versus | JUDGE TOM STAGG |
| J-W OPERATING CO., ET AL. | MAGISTRATE JUDGE HORNSBY |

# MEMORANDUM ORDER

Before the court is a motion in limine filed by Oilfield Services, L.L.C. ("Oilfield") for interpretation of contract provisions. See Record Document 59. Oilfield's motion seeks a declaration from the court that J-W Operating Company's ("J-W") contract with its drilling contractor, Patterson-UTI Drilling Company ("Patterson"), prevented J-W from suing Patterson for the events at issue. Oilfield has specifically requested a declaration that reads as follows:

> As a matter of law, the IADC Contract between J-W Operating Company and its Drilling Contractor, Patterson-UTI Drilling Company:
> 1. Releases Patterson-UTI Drilling Company from any liability to J-W Operating Company for loss or damage to casing and the well hole; and
> 2. Requires that J-W Operating Company indemnify and defend Patterson-UTI Drilling Company from any claim or suit seeking damages as a result of the incident of May 20, 2010, when 156 joints of casing fell into the well.

Record Document 59 at ¶ 7. J-W has filed an opposition, arguing that the terms of the contract are irrelevant to determining which actor–Oilfield, J-W, or Patterson–is ultimately liable for the incident. See Record Document 71.

In deciding this motion, the court considers the purpose of motions in limine. According to Fifth Circuit jurisprudence,

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

O'Rear v. Fruehauf Corp., 554 F.2d 1304, 1306 (5th Cir. 1977)(internal quotes and citations omitted). See also Pendergest-Holt v. Certain Underwriters at Lloyd's of London, No. H-09-3712, 2010 U.S. Dist. LEXIS 86393 at *7-8 (S.D. Tex. 8/23/2010)("The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence.").

Oilfield's motion seeks a declaration by the court as to the effect of certain terms in J-W's contract with Patterson. Even if the court were to make such a declaration, it would be totally irrelevant to a jury determining which of the actors–Oilfield or J-W–is ultimately at fault for the incident. Moreover, the requested declaration by the court interpreting the contract would likely confuse the jury into thinking some other party was at fault. This case is to be presented to the jury as a

highly technical, factual dispute; i.e. was the loss of 156 joints of casing due to "stabber" error or "driller" error. The drilling contract would seem to be irrelevant in this dispute. If Oilfield wishes to introduce the contract into evidence at trial, it may attempt to do so. However, this court can find no reason it should issue the declaration that Oilfield seeks.

Accordingly, **IT IS ORDERED** that Oilfield's motion in limine for interpretation of contract provisions is **DENIED**.

**THUS DATED AND SIGNED** at Shreveport, Louisiana this 23rd day of September, 2013.

_____
JUDGE TOM STAGG