RECEIVED

SEP 3 0 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA

BY: _____

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| OILFIELD SERVICES, L.L.C., ET AL. | CIVIL ACTION NOS.   5:11cv0680 (LEAD) |
| | 5:12cv0033 (MEMBER) |
| versus | JUDGE TOM STAGG |
| J-W OPERATING CO., ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the court is a motion in limine filed by Oilfield Services, L.L.C. ("Oilfield") to exclude evidence of criminal histories. The court previously issued a memorandum order granting Oilfield's motion but reserving ruling as to the 2009 incarceration of Robert McGowen ("McGowen") until the pretrial conference that was held on Thursday, September 26, 2013. See Record Document 79. For the reasons discussed below, Oilfield's motion is **DENIED** as to McGowen's 2009 incarceration.

## I. LAW AND ANALYSIS

The admissibility of evidence regarding a witness's prior criminal history is primarily governed by Federal Rule of Evidence 609. The portions of the rule

pertinent to this motion state:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
>> (1)  for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>>
>>> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>>>
>>> ...
>>
>> (2)  for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement.
>
> (b) Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
>> (1)  its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>>
>> (2)  the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609. For crimes that are presumptively admissible under Rule 609, the evidence is still subject to the balancing test of Federal Rule of Evidence 403, which allows the court to exclude otherwise relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

needlessly presenting cumulative evidence." Fed. R. Evid. 403.

McGowen worked as Oilfield's stabber at the time the events at issue occurred. McGowen has admitted to being incarcerated in 2009 for some unrecalled crime. It is not clear what crime he was convicted of, how long his sentence was, or how long he actually spent in jail. See Record Document 61, McGowen Deposition at 30-31. Oilfield did not specifically address this incarceration in its motion. See id. J-W Operating Company ("J-W") argues evidence regarding the 2009 incarceration should be admitted because it addresses McGowen's memory and credibility. Neither party had any significant information to provide to the court at the pretrial conference regarding the 2009 incarceration.

The court agrees with J-W. McGowen's failure to remember the details of his arrest, conviction, and sentence relating to his 2009 incarceration is relevant to J-W's stated intent to use the evidence to call into question McGowen's memory and credibility as a witness. Therefore, Oilfield's motion is **DENIED** as to McGowen's 2009 incarceration.

## II. CONCLUSION.

For the reasons discussed herein, Oilfield's motion in limine is **DENIED** as to Robert McGowen's 2009 incarceration.

**THUS DATED AND SIGNED** at Shreveport, Louisiana this 30th day of

September, 2013.

_____
JUDGE TOM STAGG